**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**

| | | |
|---|---|---|
| IN RE:<br>ANDY E. NUNEZ<br>JENNIFER G. MENDEZ<br>AKA JENNIFER G MENDEZ-NUNEZ<br>           Debtors | : : : : : : : | BK. No. 17-18330-amc<br><br>Chapter No. 13 |
| WELLS FARGO BANK, NA<br>           Movant<br>           v.<br>ANDY E. NUNEZ<br>JENNIFER G. MENDEZ<br>AKA JENNIFER G MENDEZ-NUNEZ<br>           Respondents | : : : : : : : : : : | <br><br><br>11 U.S.C. §362 |

**MOTION OF WELLS FARGO BANK, NA FOR RELIEF FROM AUTOMATIC STAY UNDER §362 PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001**

Movant, by its attorneys, PHELAN HALLINAN DIAMOND & JONES, LLP, hereby requests a termination of Automatic Stay and leave to foreclose on its mortgage on real property owned by ANDY NUNEZ.

1. Movant is **WELLS FARGO BANK, NA.**

2. Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

3. ANDY NUNEZ is the owner of the premises located at **7543 WOOLSTON AVENUE, PHILADELPHIA, PA 19150 NKA 7543 WOOLSTON AVE, PHILADELPHIA, PA 19150**, hereinafter known as the mortgaged premises.

4. Movant is the holder of a mortgage on the mortgaged premises. The terms of the Debt Agreement were amended by a loan modification agreement entered into by and between Wells Fargo Bank, NA and Debtor(s) dated August 6, 2015 (the "Loan Modification Agreement").

5. Debtors' failure to tender monthly payments in a manner consistent with the terms of the Mortgage and Note result in a lack of adequate protection.

6. Movant has instituted foreclosure proceedings on the mortgage because of

Debtors' failure to make the monthly payment required hereunder.

7. The foreclosure proceedings instituted were stayed by the filing of the instant Chapter 13 Petition.

8. As of July 25, 2018, Debtors have failed to tender post-petition mortgage payments for the months of May 2018 through July 2018. The monthly payment amount for the month of May 1, 2018 is $945.72, payment amount for the months of June 1, 2018 through July 1, 2018 is $956.30 each, for a total amount due of $2,858.32. The next payment is due on or before August 1, 2018 in the amount of $956.30. Under the terms of the Note and Mortgage, Debtors have a continuing obligation to remain current post-petition and failure to do so results in a lack of adequate protection to Movant.

9. Movant has cause to have the Automatic Stay terminated as to permit Movant to complete foreclosure on its mortgage.

10. Movant specifically requests permission from the Honorable Court to communicate with Debtors and Debtors' counsel to the extent necessary to comply with applicable nonbankruptcy law.

11. Movant, it's successors and assignees posits that due to Debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees should be allowed to immediately enforce and implement the Order granting relief from the automatic stay.

12. Movant requests that Federal Rule of Bankruptcy Procedure 3002.1 be waived.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a. Modifying the Automatic Stay under Section 362 with respect to **7543 WOOLSTON AVENUE, PHILADELPHIA, PA 19150 NKA 7543 WOOLSTON AVE, PHILADELPHIA, PA 19150** (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to

proceed with its rights under the terms of said Mortgage; and

    b.    Movant specifically requests permission from this Honorable Court to communicate with Debtors and Debtors' counsel to the extent necessary to comply with applicable nonbankruptcy law; and

    c.    Holding that due to Debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees, should be allowed to immediately enforce and implement the Order granting relief from the automatic stay; and

    d.    Waiving Federal Rule of Bankruptcy Procedure 3002.1; and

    e.    Granting any other relief that this Court deems equitable and just.

/s/ Jerome Blank, Esquire
Jerome Blank, Esq., Id. No.49736
Phelan Hallinan Diamond & Jones, LLP
1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103
Phone Number: 215-563-7000 Ext 31625
Fax Number: 215-568-7616
Email: jerome.blank@phelanhallinan.com

August 28, 2018